Conviction for selling beer; punishment, a fine of $25.00.
Appellant was charged by information, in the county court of Mitchell County, Texas, with selling beer containing in excess of one per cent alcohol by volume, and not more than three and two tenths per cent alcohol by weight, — it being further averred in the information that Mitchell County had by local option election held under the laws of the State of Texas, and in force at the time of taking effect of Section 20, Article 16 of the Constitution of the State of Texas, prohibited the sale of intoxicating liquors in said county, — since which election there has been no local election held in said county at which a majority of the voters of said county by their votes have declared it shall thereafter be lawful in said county to sell any vinous or malt liquors containing not more than three and two tenths alcohol by weight. To this, in addition to his plea of not guilty, appellant filed his exceptions to the information, and his plea to the jurisdiction of the court, on the ground that if guilty of any offense, as set out, same was and would be a felony, of which the county court of Mitchell County would have no jurisdiction. He further excepted to the information on the ground that there is now no law against selling the liquor referred to therein, in a county in which, by local option election, such sale had been prohibited, the reasons for this exception being that Arts. 666 and 667 P. C., were repealed by the recent amendment to our State Constitution adopted in August 1933, which appears at page 971, Acts Regular Session, 43rd Legislature.
We note these exceptions in inverse order. In the one last mentioned we think appellant in error, since it is specially provided in said constitutional amendment as follows: "And provided further that in all counties in the State of Texas and in all political subdivisions thereof, wherein the sale of intoxicating liquors had been prohibited by local option elections held under the laws of the State of Texas and in force at the time of the taking effect of Section 20, Article 16, of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county or in any such political subdivision thereof, any spirituous, vinous or malt liquors *Page 595 
or medicated bitters, capable of producing intoxication or any other intoxicant whatsover, unless and until a majority of the qualified voters in said county or political subdivision thereof voting in an election held for such purpose shall determine it to be lawful to manufacture, sell, barter and exchange in said county or political subdivision thereof vinous or malt liquors containing not more than three and two-tenths per cent (3.2%) alcoholic content by weight, and the provision of this subsection shall be self enacting."
As to the act of appellant, in the territory where done, if done, — we are of opinion that the law, both of the Constitution and State, is now the same as it was prior to the enactment of Chap. 116, Acts Regular Session, 43rd Legislature, and prior to the adoption of said last mentioned amendment to the Constitution.
As to the first exception above mentioned, we think appellant's plea must be sustained, and that it is decisive, and, — if the lower court was without jurisdiction, — any discussion of the further interesting questions herein raised would be but obiter dicta.
Section 1, Chap. 116, Acts Regular Session, 43rd Legislature in part is as follows:
"(a) The manufacture, sale and distribution of vinous or malt beverage containing one-half (1/2) of one per cent (1%) or more of alcohol by volume and not more than three and two-tenths per centum (3.2%) of alcohol by weight is hereby authorized within the State of Texas, subject to the terms and conditions herein imposed.
"(b) Upon and after the effective date of this Act (as provided in subsections (c) and (d) of Section 28 of this Act) in all counties in the State of Texas and in all political subdivisions thereof wherein the sale of intoxicating liquors had been prohibited by local option election held under the laws of the State of Texas and in force at the time of taking effect of Section 20, Article 16 of the Constitution of Texas, it shall continue to be unlawful to manufacture, sell, barter or exchange in any such county or any such political subdivision of said county any vinous or malt liquors containing in excess of one per cent (1%) alcoholic content by volume, unless and until a majority of the qualified voters in said county or political subdivision thereof voting at an election held for such purpose shall determine it to be lawful to manufacture, sell, barter or exchange in such county or in such political subdivision of said county any vinous and malt liquors containing not more than three *Page 596 
and two-tenths per centum (3.2%) alcoholic content by weight."
We are of opinion that under the provisions of the above act, and the averments of the information in this case, the county court of Mitchell County was without jurisdiction of the offense, if any, committed by appellant, and that such offense, if any, was a felony. So believing, we are constrained to hold that appellant's exception and plea to the jurisdiction should have been sustained.
The judgment of the county court is reversed and the prosecution ordered dismissed.
Judgment reversed, and prosecution ordered dismissed.
 ON STATE'S MOTION FOR REHEARING.